### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HON. THOMAS MASSIE, in his individual and official capacities; HON. MARJORIE TAYLOR GREENE, in her individual and official capacities; HON. RALPH NORMAN, in his individual and official capacities, | CASE NO. 1:21-CV- 02023-RBW |
| Plaintiffs, | |
| v. | |
| HON. NANCY PELOSI, in her official capacity; WILLIAM J. WALKER, in his official capacity; CATHERINE SZPINDOR, in her official capacity, | |
| Defendants. | |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND A PERMANENT INJUNCTION – ORAL ARGUMENT REQUESTED[1]

Plaintiffs, by and through Counsel, move this Court for Summary Judgment under FRCP 56. A Memorandum in Support is attached hereto in support and proposed order has been submitted.

Respectfully Submitted,

/s/Christopher Wiest
Christopher Wiest (DCD KY002)
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
Tel: (513) 257-1895
chris@cwiestlaw.com

Aaron Siri (*pro hac vice*)
Elizabeth A. Brehm (*pro hac vice*)
Jessica Wallace (*pro hac vice*)
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, New York 10166
Tel: (212) 532-1091
aaron@sirillp.com

John R. Garza
Bar ID: 398728

Thomas Bruns (*pro hac vice*)
Bruns, Connell, Vollmar, Armstrong LLC

---

**1** Because this matter involves a case largely of first impression and involves paramount issues of Congressional Member independence well outside the factual context in which the case arises, Plaintiffs respectfully request that oral argument be ordered in this matter.

Garza Building
17 W. Jefferson Street, Suite 100
Rockville, Maryland 20850
Tel: (301) 340-8200 x 100
jgarza@garzanet.com

4750 Ashwood Drive, Ste. 200
Cincinnati, Ohio 45241
Tel: (513) 312-9890
tbruns@bcvalaw.com

*Counsel for Plaintiffs*

**MEMORANDUM IN SUPPORT**

This action raises a number of challenges to H. Res. 38.  We have incorporated, by reference, the required Statement of Material Facts to Which there are No Genuine Issues. (Statement, attached, L.R. 7(h)).  That statement relies upon the verified complaint in this matter, which is competent evidence for summary judgment purposes.  *Neal v. Kelly*, 963 F.2d 453, 457-58 (D.C. Cir. 1992).  And this motion is predicated upon Defendants' admission that the relevant facts in this matter are "undisputed."  (Mot. Dismiss, DE#31 at p. 21).

Specifically, House majority is its mandate requiring face coverings, but only in areas covered by cameras.[2]  Specifically, the Sergeant-at-Arms has been both "authorized and directed" to impose fines on Members who do not wear mandated face coverings in those areas, whose conduct is falsely presumed to constitute disorderly behavior.  H. Res. 38; U.S. Const., Art. I, § 5, cl. 2.  Then, and in violation of the 27th Amendment, such fines are levied by salary reduction, which lowers Members' compensation from what it previously was in the same session in which H. Res. 38 (hereafter "H.Res. 38," "the Resolution," or "the Rule") was enacted.  U.S. Const., Amend. XXVII; Art. I, § 6, cl.1; Compl. ¶¶ 15-18.

 Here, Defendants implemented and are enforcing a rule, H.Res. 38, beyond the restraints placed on the House by the Constitution.  Specifically, while Defendants' Motion lists several "purposes" the Resolution purportedly serves, the reality is that the Resolution is only enforced against members of the minority party in the House.[3]  Members of the majority party have repeatedly violated the Resolution's requirements by accessing the House Floor without wearing masks, but they, unlike their colleagues in the minority, have done so without consequence.

---

[2] Compl. ¶¶ 15-21.
[3] Compl. ¶¶ 31, 34-37, 42-43.

1

Furthermore, notwithstanding what Defendants' claim are the purposes behind the Resolution, events prior to, during, and after the enactment of H.Res. 38 demonstrate that the Resolution is merely being used as a speech/viewpoint-based political cudgel against Members of the minority party.[4]

The House cannot, as it did here, lower the compensation of Members in the same session in which the rule accomplishing that outcome was passed. The House cannot fine only Members of the minority party for their conduct that is not disorderly, particularly where Members of the majority party engaged in identical behavior without consequence. The House cannot pass rules that violate the First Amendment. Simply put, the methods the House has chosen under H.Res. 38, both textually and as implemented, violate the Constitution. Plaintiffs are therefore entitled to summary judgment.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movant and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in her favor." *Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1113, 421 U.S. App. D.C. 165 (D.C. Cir. 2016).

Plaintiffs seek both declaratory relief, and injunctive relief. The injunctive relief requests that compensation withheld (through the "fine process") be refunded and Defendants be enjoined from enforcing H. Res. 38 during this Congressional term. For injunctive relief, this Court asks (i) whether the party seeking the injunction has succeeded on the merits of the action, (ii)

---

[4] Compl. ¶¶ 14-43.

whether the party is likely to suffer irreparable harm without an injunction, (iii) whether the balance of equities tips in the party's favor, and (iv) whether an injunction would serve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 32.

## PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON ALL OF THEIR CLAIMS AND THE ISSUANCE OF A PERMANENT INJUNCTION

Rather than submit to this Court duplicative argument on the merits, we have set forth, in extensive detail, in our Opposition to Defendant's Motion to Dismiss, authority establishing that Defendants violated the Twenty Seventh Amendment, (Opposition to Motion to Dismiss, DE#35 at pp. 18-31), and we respectfully reincorporate that by reference here.  We have also, in that same Opposition, authority establishing that Defendants violated Article I § 5, by punishing Plaintiffs for behavior that was not disorderly, and we respectfully reincorporate that by reference here.  (Opposition, DE#35, at pp. 31-35).  And, in that same Opposition, we have demonstrated why Article I, §§ 6 and 7 were violated, and, again, we reincorporate that by reference here.  (Opposition, DE#35, at pp. 35-36).  And, we have set forth, in that same Opposition, why Defendants violated the First Amendment, and we reincorporate that by reference here.  (Opposition, DE#35, at pp. 36-45).

Thus, when it comes to the first injunctive relief factor, we have demonstrated success on the merits.  On the second factor, irreparable harm, "suits for declaratory and injunctive relief against the threatened invasion of a constitutional right do not ordinarily require proof of any injury other than the threatened constitutional deprivation itself." *Davis v. District of Columbia*, 158 F.3d 1342, 1346, 332 U.S. App. D.C. 436 (D.C. Cir. 1998).  And the balance of the equities and public interest also intersect and turn on whether there is a violation of the Constitution or not.  *J.D. v. Azar*, 925 F.3d 1291 (D.C. Cir. 2019); Gordon v. Holder, 721 F.3d 638, 653 (D.C. Cir. 2013) ("enforcement of an unconstitutional law is always contrary to the public interest.").

3

This case goes well beyond the factual circumstances under which it arises.  It is fundamentally a case about the rights of Members of Congress to autonomy, free from unconstitutional coercion, and able to discharge the duties of the representation of constituents. If salary can be withheld, based on a "rule," that has no functional limitation, the very core of our Republican form of government is threatened.  Because what is a mask mandate today, could very well be a "vote the way we say or be fined" tomorrow provision.  And that cannot stand. The equities and public interest do not warrant upholding such a unconstitutional regulation.

## CONCLUSION

Plaintiffs respectfully request that this Court grant the Plaintiffs' Motion for Summary Judgment.

Dated: October 29, 2021

Respectfully Submitted,

/s/Christopher Wiest
Christopher Wiest (DCD KY002)
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
Tel: (513) 257-1895
chris@cwiestlaw.com

/s/ Aaron Siri
Aaron Siri (*pro hac*)
Elizabeth A. Brehm (*pro hac vice*)
Jessica Wallace (*pro hac vice*)
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, New York 10166
Tel: (212) 532-1091
aaron@sirillp.com

/s/John R. Garza
John R. Garza
Bar ID: 398728
Garza Building
17 W. Jefferson Street, Suite 100
Rockville, Maryland 20850
Tel: (301) 340-8200 x 100
jgarza@garzanet.com

/s/Thomas Bruns
Thomas Bruns (*pro hac vice*)
Bruns, Connell, Vollmar, Armstrong LLC
4750 Ashwood Drive, Ste. 200
Cincinnati, Ohio 45241
Tel: (513) 312-9890
tbruns@bcvalaw.com

*Attorneys for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing by filing same via the Court's CM/ECF

system, this 29 day of October, 2021, which will serve same upon all Counsel of Record.

/s/Christopher Wiest