**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THOMAS MASSIE, *et al.*,

                  *Plaintiffs*,

      v.                           Case No. 1:21-cv-02023-RBW

NANCY PELOSI, *et al.*,

                  *Defendants*.

**DEFENDANTS' MOTION TO HOLD IN ABEYANCE PROCEEDINGS ON
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, TO ENLARGE TIME FOR DEFENDANTS' RESPONSE**

Pursuant to Federal Rule of Civil Procedure 7(b), Defendants, the Honorable Nancy Pelosi, William J. Walker, and Catherine Szpindor respectfully move for an order holding in abeyance Plaintiffs' Motion for Summary Judgment and a Permanent Injunction (Oct. 29, 2021) (ECF No. 36), pending a ruling on Defendants' Motion to Dismiss (Sept. 28, 2021) (ECF No. 31), which will be fully briefed on November 16, 2021.  Defendants respectfully request that this be accomplished by enlarging their time to respond to Plaintiffs' Motion for Summary Judgment until 30 days after the Court rules on Defendants' Motion to Dismiss, if that motion is denied.

Alternatively, if the Court denies this motion to hold the summary judgment proceedings in abeyance, Defendants respectfully request that this Court enlarge the time for Defendants to respond to Plaintiffs' Motion for Summary Judgment by four days, until November 16, 2021, so that it aligns with the due date for Defendants to file their reply brief in support of their Motion to Dismiss.  Defendants have not requested any previous extensions; Plaintiffs requested and received one extension to file their Response to the

Motion to Dismiss, which Defendants consented to on the condition that the proposed extension also enlarge the amount of time for Defendants to file their reply brief.  *See* Minute Order (Oct. 1, 2021).

A proposed order is attached, as well as an alternative proposed order regarding the four-day enlargement of time.

Pursuant to LCvR 7(m), we discussed this motion on November 5, 2021 with opposing counsel who advised that they oppose Defendants' motion to hold summary judgment proceedings in abeyance, but consent to Defendants' alternative motion to enlarge the time for Defendants to file their reply brief.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO HOLD IN ABEYANCE PLAINITFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants have moved to dismiss the Complaint on the grounds that (1) they are immune from this suit under the Speech or Debate Clause, U.S. Const., Art. I, § 6, cl. 1; and (2) the Complaint fails to state a claim upon which relief may be granted.  *See* Memorandum in Support of Defendants' Motion to Dismiss (Sept. 28, 2021) (ECF No. 31).  That motion will be fully briefed as of November 16.

On October 29, Plaintiffs moved for summary judgment at the same time as they filed an opposition to Defendants' Motion to Dismiss.  *See* ECF Nos. 35, 36.  Without extensions, Defendants' response brief is due on November 12, 2021.  Plaintiffs' motion for summary judgment should be held in abeyance pending the Court's resolution of Defendants' Motion to Dismiss.

The Court's authority "to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254

(1936); *see also Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988); Memorandum Order in *Judicial Watch, Inc. v. U.S. Senate*, No. 1:03-cv-01066 (CKK) (D.D.C. Nov. 17, 2003) (ECF No. 30) (holding in abeyance plaintiff's motion for summary judgment). A court may stay all proceedings in a case or hold in abeyance parts thereof, including the briefing of motions. *See* LCvR 7(b) (opposition to a motion must be filed and served "[w]ithin 14 days of the date of service or *at such other time as the Court may direct*") (emphasis added). Here, the Court should hold Plaintiff's Motion for Summary Judgment in abeyance for two reasons.

*First*, the Speech or Debate Clause immunity issue raised by Defendants must be resolved at the outset because that immunity serves not merely as "a defense on the merits[,] but also protects a legislator from the burden of defending himself." *Powell v. McCormack,* 395 U.S. 486, 502-03 (1969). "The purpose of the Speech or Debate Clause is to protect Members of Congress 'not only from the consequences of litigation's results but also from the burden of defending themselves.'" *Hutchinson v. Proxmire*, 443 U.S. 111, 123 (1979) (quoting *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967) (per curiam)); *see also Browning v. Clerk, U.S. House of Representatives*, 789 F.2d 923, 926 n.6 (D.C. Cir. 1986) ("[T]he Speech or Debate Clause was intended not only to protect legislators from liability, but also to protect them from the time-consuming burden of defending their actions in court and diverting their efforts from their congressional duties."), *overruled on other grounds by Fields v. Off. of Eddie Bernice Johnson*, 459 F.3d 1 (D.C. Cir. 2006); Memorandum Order at 1-2, *Judicial Watch, Inc.*, No. 1:03-cv-01066.

*Second*, proceeding with additional briefing on Plaintiffs' Motion for Summary Judgment at this time, when Defendants' Motion to Dismiss will have been fully briefed,

is an inefficient use of the Court's and the parties' time and resources. Obviously, a ruling favorable to the Defendants on the Motion to Dismiss would obviate the need for the Court even to consider Plaintiffs' Motion for Summary Judgment, and render useless any prior briefing on that motion. Under these circumstances, the Court should simply defer all further briefing on Plaintiffs' Motion for Summary Judgment until 30 days after the Court rules on Defendants' Motion to Dismiss, if that motion is denied.

### MEMORANDUM IN SUPPORT OF DEFENDANTS' ALTERNATIVE MOTION TO ENLARGE THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

If the Court denies Defendants' motion to hold summary judgment proceedings in abeyance, Defendants respectfully request that the Court enlarge the time to respond to Plaintiffs' motion by four days, from November 12 to November 16, 2021.

Defendants request additional time so that their response to the summary judgment motion will not be due earlier than their reply brief in support of their motion to dismiss, and due to the press of other business.

### CONCLUSION

For the foregoing reasons, the Court should hold proceedings on Plaintiffs' Motion for Summary Judgment in abeyance, enlarging the time for Defendants to file their response brief to 30 days after the Court rules on Defendants' Motion to Dismiss, if that motion is denied. In the alternative, the Court should enlarge the time for Defendants to respond to Plaintiffs' Motion for Summary Judgment to November 16, 2021.

    Respectfully submitted,

    */s/ Douglas N. Letter*
Douglas N. Letter (D.C. Bar No. 253492)
*General Counsel*
Todd B. Tatelman (VA Bar No. 66008)

Eric R. Columbus (D.C. Bar No. 487736)
Stacie M. Fahsel (D.C. Bar. No. 1034314)
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Defendants Nancy Pelosi, William J. Walker, and Catherine Szpindor*

November 5, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021, I caused the foregoing Motion to Dismiss of Defendants Nancy Pelosi, William J. Walker, and Catherine Szpindor and the accompanying Memorandum of Points and Authorities in Support to be filed via the CM/ECF system for the U.S. District Court for the District of Columbia, which I understand caused a copy to be served on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter