UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HON. THOMAS MASSIE, in his official and individual capacities, et al., ) ) ) ) Plaintiffs, ) v. ) ) HON. NANCY PELOSI, in her official capacity as Speaker of the United States House of Representatives, et al., ) ) ) ) Defendants. ) ) | Civil Action No. 21-2023 (RBW) |

## ORDER

The plaintiffs, the Honorable Thomas Massie, the Honorable Marjorie Taylor Greene, and the Honorable Ralph Norman, bring this civil action against the defendants, the Honorable Nancy Pelosi, in her official capacity as the Speaker of the United States House of Representatives; William J. Walker, in his official capacity as the Sergeant at Arms of the United States House of Representatives; and Catherine Szpindor, in her official capacity as the Chief Administrative Officer of the United States House of Representatives, alleging violations of the Twenty-Seventh Amendment to the United States Constitution, see Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief ("Compl.") ¶¶ 49–54; Article I, § 5, see id. ¶¶ 55–59; Article I, §§ 6 and 7, see id. ¶¶ 60–67; and the First Amendment to the United States Constitution, see id. ¶¶ 68–75.

On August 23, 2021, Jeffrey Cutler moved to intervene in this case. See Motion to I[n]tervene Because of Crimes (18 U.S. Code § 1519 – Destruction, alteration, or falsification of records), 18 U.S. Code § 872 – Extortion by Officers or Employees of the United States,

1

18 U.S.C. § 3 Accessory After the Fact Murder, Bankruptcy Fraud, 15 U.S.C. §§ 78dd-1, & Mail Fraud and to Combine Cases for Judicial Efficiency and Summary Judgment ("Cutler 1st Mot."), ECF No. 25.  On September 20, 2021, Cutler filed a second, similar motion.  See Motion to I[n]tervene Because of Crimes (18 U.S. Code § 1519 – Destruction, alteration, or falsification of records), 18 U.S. Code § 872 – Extortion by Officers or Employees of the United States, 18 U.S.C. § 3 Accessory After the Fact Murder, Bankruptcy Fraud, 15 U.S.C. §§ 78dd-1, & Mail Fraud and to Combine Cases for Judicial Efficiency and Summary Judgment ("Cutler 2d Mot."), ECF No. 26.

> Under Federal Rule of Civil Procedure 24,
>
> the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  Additionally, "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).

In his motions, Cutler sets forth a wide range of allegations, but provides no argument as to why intervention either must or should be permitted in this case.  See generally Cutler 1st Mot.; Cutler 2d Mot.  Cutler having failed to set forth either a federal statute that gives him the right to intervene, see Fed. R. Civ. P. 24(a)(1), (b)(1)(A); "an interest relating to the property or transaction that is the subject of the action," Fed. R. Civ. P. 24(a)(2); or "a claim or defense that shares with the main action a common question of law or fact[,]" Fed. R. Civ. P. 24(b)(1), the Court must deny his motions to intervene.

Accordingly, it is hereby

**ORDERED** that the Motion to I[n]tervene Because of Crimes (18 U.S. Code § 1519 – Destruction, alteration, or falsification of records), 18 U.S. Code § 872 – Extortion by Officers or Employees of the United States, 18 U.S.C. § 3 Accessory After the Fact Murder, Bankruptcy Fraud, 15 U.S.C. §§ 78dd-1, & Mail Fraud and to Combine Cases for Judicial Efficiency and Summary Judgment, ECF No. 25, is **DENIED**.  It is further

**ORDERED** that the Motion to I[n]tervene Because of Crimes (18 U.S. Code § 1519 – Destruction, alteration, or falsification of records), 18 U.S. Code § 872 – Extortion by Officers or Employees of the United States, 18 U.S.C. § 3 Accessory After the Fact Murder, Bankruptcy Fraud, 15 U.S.C. §§ 78dd-1, & Mail Fraud and to Combine Cases for Judicial Efficiency and Summary Judgment, ECF No. 26, is **DENIED**.

**SO ORDERED** this 12th day of November, 2021.

REGGIE B. WALTON<br>United States District Judge